## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## El PASO DIVISION

| | | |
|---|---|---|
| MARY MYRICK, | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | CIVIL CAUSE NO. 3:20-CV-00016 |
| | § | |
| GHP ASSET COMPANY, LLC, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## DEFENDANT GHP ASSET COMPANY, LLC'S NOTICE OF REMOVAL

Defendant, GHP Asset Company, LLC ("GHP") files its Notice of Removal of this action from the 243rd Judicial District Court, El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. In support hereof, GHP shows this Court as follows:

1.    Plaintiff Mary Myrick ("Plaintiff" or "Myrick") commenced an action in the 243rd Judicial District Court, El Paso County, Texas by filing her Original Petition and Request for Temporary Restraining Order ("Petition"), entitled "*Mary Myrick vs. GHP Asset Company, LLC*" and pending as Cause No. 2020DCV0033 (the "State Court Action").

2.    Removal is timely because thirty (30) days have not elapsed since any defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on

the date the summons or citation is served even if the complaint is received at a prior date). Plaintiff filed her petition on January 3, 2020 and Defendant was served a copy of the Petition on January 7, 2020.

3.      This Notice of Removal will be filed in the County 243rd Judicial District Court, El Paso County, Texas and a copy of this Notice of Removal will also be served on Plaintiff. Defendant GHP is, contemporaneously with the filing of this Notice, giving notice of filing of this Notice of Removal with the clerk of 243rd Judicial District Court, El Paso County, Texas.

4.      All processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto as Exhibits 1-4.

5.      GHP has filed contemporaneously with this Notice a civil cover sheet.

**GROUNDS FOR REMOVAL— FEDERAL QUESTION AND DIVERSITY JURISDICTION**

6.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1441(b) and 1446 in that it arises under the laws of the United States.  The Court may exercise supplemental jurisdiction over the state law claims.  28 U.S.C. § 1367.

7.      This removal is timely because the State Court Action was filed on January 3, 2020 and served a copy of the Petition on January 7, 2020.

8.      This case arises from GHP's attempt to exercise its right under a valid Deed of Trust lien on Plaintiff's home. (*See* Petition at pg. 9).

9.      On May 4, 2006, Plaintiff executed a Note and Deed of Trust in the amount of $30,567.09. (*Id.* at pg. 2).

10.     The Property is located at 7152 Feather Hawk Drive, El Paso, Texas 79912 ("Property"). (*Id.*)

11.     The Property was set for the January 7, 2019 foreclosure sale because Plaintiff was delinquent on her monthly payments to GHP. (*Id*. at pgs. 2 and 3).

12.     Plaintiff alleges Defendant violated the Texas Constitution. (*Id*. at pgs. 3-5).

13.     Plaintiff alleges Defendant violated 15 U.S.C. §1601, the Truth in Lending Act ("TILA"). (*Id*. at pgs. 5-7).

14.     Plaintiff alleges Defendant violated the Texas Finance Code §156.402. (*Id*. at pg. 8).

15.     Plaintiff alleges Defendant violated 12 C.F.R §1002.13, the Equal Credit Opportunity Act. (*Id*. at pgs. 8-9)

16.     Removal is proper because Plaintiff's suit involves a federal question of law. *See* 28 U.S.C. §§ 1331, 1441; *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).

17.     Under 28 U.S.C. § 1441(a), a defendant may remove a state court action to federal court as long as the action is one "of which the district courts of the United States have original jurisdiction . . . ." *See* 28 U.S.C. § 1441

18.     A case arises under 28 U.S.C. §1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Empire Healthchoice Assurance, Inc., v. McVeigh*, 547 U.S. 677, 689-90 (2006).

19.     Further, the Fifth Circuit Court of Appeals has held that "[t]he assertion of a claim under a federal statute alone is sufficient to empower the District Court to assume jurisdiction over the case and determine whether, in fact, the Act does provide the claimed rights." *See Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988 (5th Cir. 1988).

20.     Here Plaintiff alleges that there were violations of TILA and the Equal Credit Op-portunity Act, both of which are federal laws. Plaintiff's claims arise under the laws of the Unit-ed States of America, the United States District Court has original jurisdiction, and removal is appropriate.

21.     Additionally, this Court should also exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supple-ment jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. All-pattah Servs., Inc.*, 545, 558 (2005).

22.     This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because, currently and at the time the State Court Action was filed, Plaintiff is a Texas resident while GHP is a Limited Liability Company with its principal place of business and main office in Flor-ida. *Id*. § 1332(c)(1).

23.     For diversity jurisdiction, the remaining issue is the amount in controversy. A federal court ordinarily determines the amount in controversy by looking at the  amount claimed in the state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276  F.3d 720, 723 (5th Cir. 2002).

24.     In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *See Farkas v. GMAC Mortg., LLC*, 737 F.3d 338 (5th Cir. 2013); se*e also Statin v. Deutsche Bank Nat'l Trust Co.*, 599 Fed. Appx. 545 (5th Cir. 2013)("The value of the property is the relevant consideration for determining amount in controversy for these common foreclosure cases seeking injunctive relief."). In actions enjoining a lender from transferring property and preserving an individual's

ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy. *Id.* Here, the 2019 appraised value of the property securing the loan according to El Paso County Appraisal District is $174,998.00.

## VENUE

25.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the Texas County Courts of El Paso County, Texas, the forum in which the removed State Court Action is pending.

## PROCEDURAL REQUIREMENTS

26.     Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached:

- Exhibit 1—Index of matters being filed.
- Exhibit 2—All Documents filed in the State Court Action:
    - Plaintiff's Original Petition;
    - Signed Temporary Restraining Order;
    - Defendant's Original Answer.
- Exhibit 3—State Court Docket sheet from "*Mary Myrick vs. GHP Asset Company, LLC*" and pending as Cause No. 2020DCV0033 in the 243rd Judicial District Court, El Paso County, Texas.
- Exhibit 4—List of all counsel of record, including telephone numbers, addresses, and parties represented.

27.     Pursuant to 28 U.S.C. § 1446(a), GHP is serving this notice of removal on Plaintiff and filing a copy of this Notice with the 243rd Judicial District Court, El Paso County, Texas.

## PRAYER FOR RELIEF

Defendant GHP prays that the above-described action now pending in the 243rd Judicial District Court, El Paso County, Texas, be removed to this Court.

Date: January 17, 2020

Respectfully submitted,

BY:  */s/ Selim H. Taherzadeh*

**TAHERZADEH, PLLC**

Selim H. Taherzadeh
st@taherzlaw.com
Texas Bar No. 24046944
Scott H. Crist
sc@taherzlaw.com
Texas Bar No. 24057814
5011 Spring Valley Rd., Suite 1020W
Dallas, Texas 75244
Tel.  (469) 729-6800
Fax. (469) 828-2772
**ATTORNEYS FOR DEFENDANT GHP ASSET COMPANY, LLC**

## CERTIFICATE OF SERVICE

I certify that on January 17, 2020 this document was served upon the following via e-mail:

Michael J. Zimprich
The Law Offices of Michael J. Zimprich, PLLC
7001 Westwind Drive, Suite 205
El Paso, Texas 79912
mjzimp@mjzlaw-ep.com
Tel. (915) 201-4944
Fax. (915) 613-2881
**ATTORNEY FOR PLAINTIFF**

*/s/ Selim H. Taherzadeh*
Selim H. Taherzadeh